**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRCT OF NORTH CAROLINA**

| | |
|---|---|
| **JONATHAN FISCHMAN,** individually, and on behalf of all others similarly situated, | Case No. |
| *Plaintiffs*, | **CLASS ACTION COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| **MEDIASTRATX LLC,** a Nevada company, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff Jonathan Fischman ("Plaintiff Fischman" or "Fischman") brings this Class Action Complaint and Demand for Jury Trial against Defendant MediaStratX, LLC ("MediaStratX") to stop Defendant from violating the Telephone Consumer Protection Act by making unsolicited calls to consumers without their consent who registered their phone numbers on the National Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by the conduct of Defendant. The Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himsef and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Fischman is an Elizabeth City, North Carolina resident.

2. Defendant MediaStratX is a Nevada limited liability company headquartered in Santa Ana, California. Defendant conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and because Defendant does significant business in this District, and because the wrongful conduct giving rise to this case was directed to this District.

## TELEMARKETING INTRODUCTION

5. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service." *See* 47 U.S.C. §227 (b)(1)(A)(iii).

6. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

7. While "prior express consent" is required for all automated and prerecorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the

CLASS ACTION COMPLAINT
-2-

consequences of providing the requested consent, i.e. that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement must be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

8. "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R §64.1200(f)(12).

9. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

10. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day,. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

11. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

12. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

13. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per

CLASS ACTION COMPLAINT
-3-

day. www.robocallindex.com (last 6:19-cv-02008-BHH Date Filed 07/18/19 Entry Number 1 Page 4 of 10 5 visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. See id.

14. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

15. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

16. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**INTRODUCTION**

17. MediaStratX is a vehicle warranty telemarketing company that runs telemarketing campaigns throughout the United States, based out of Santa Ana, California.

18. Erik Rameson ("Rameson") is the registered owner of MediaStratX[3] and a host of other vehicle warranty companies, the majority, if not all of whom conduct telemarketing campaigns throughout the United States.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=MEDIASTRATX%20M170000006260&aggregateId=forl-m17000000626-85713932-4351-4863-a7da-

CLASS ACTION COMPLAINT
-4-

19. MediaStratX operates using the d/b/a Automotive Services Center or ASC, as can be seen in a screenshot from a video posted by Jacquelyn Le, current CEO[4] of MediaStratX:



[5]

20. Jacquelyn Le is also the manager of the Team ASC[6] and MediaStratX's [7] Facebook pages.

---

2ec6bb535d38&searchTerm=mediastratx&listNameOrder=MEDIASTRATX%20M170000006260
[4] https://www.linkedin.com/in/jacquelyn-le-50904557/
[5] https://www.facebook.com/jacquelynle/videos/pcb.10156703450218790/10156703448948790/?type=3&theater
[6] https://www.facebook.com/pg/theTeamASC/about/
[7] https://www.facebook.com/pg/mediastratx/about/?ref=page_internal

CLASS ACTION COMPLAINT
-5-

21. Throughout the ASC Facebook page, references are made to MediaStratX showing that the main company name is in fact MediaStratX.[8]



22. ASC is short for Automotive Services Center.[10]

23. AutomotiveServicesCenter.com is registered to Erik Rameson.[11]

---

[8] https://www.facebook.com/theTeamASC/?ref=hovercard
[9] https://www.facebook.com/theTeamASC/?ref=hovercard
[10] http://www.automotiveservicescenter.com/
[11] https://domainbigdata.com/automotiveservicescenter.com

CLASS ACTION COMPLAINT
-6-

24. The MediaStratX website states that MediaStratX maintains a database that is updated monthly with information regarding 100 million known automobile owners.[12]

25. MediaStratX solicits business from consumers using the primary method of telemarketing.

26. A Linkedin job posting for a Full-Time Telemarketing Agent shows that agents place upwards of 550 outbound phone calls daily, each:



[13]

27. The same job posting also makes direct reference to a telephone dialer:

---

[12] https://mediastratx.com/
[13] https://www.linkedin.com/jobs/view/full-time-telemarketing-agent-opener-at-mediastratx-1834522729/

CLASS ACTION COMPLAINT
-7-

> Excellent oral communication Excellent telephone etiquette High level of compassion and integrity Problem solving and detail-minded Works well without constant supervision High level of communication and listening skill Cultural sensitivity with a diverse community Basic PC skill with CRM and telephone dialer Since 2016, MediaStratX has been voted the best place to work in the Auto Extended Warranty industry. We have an upbeat and friendly environment, flexible work schedules, awesome benefits including a 401(k) and much more![14]

28. Employee reviews for MediaStratX are filled with references to the fact that consumers are angry and frustrated because of the unsolicited calls they regularly receive. This is a small sampling of those reviews:

> **Cons**
> telemarketing world can be very boring. Be ready for a lot of rejections and rude people on the phones.[15]
>
> CSR - Customer Service Representative (Former Employee) - Cypress, CA - March 15, 2020
> spent 8 hours a day getting verbally abused by the customers who didnt give a poo about warranties. Other than that it was an okay place to work, though I could do without getting there at 6 am.[16]
>
> Customer Service - Screener (Former Employee) - Santa Ana, CA - June 12, 2017
> Good work environment. Great management team. Chance for advancement. I felt there were too many managers for a small business. Would prefer to make more money. However, there's an opportunity to make more money with commission. At times the callsame were repeated and customers were upset about receiving repeat calls.[17]

29. Unsurprisingly, there is a multitude of complaints posted online from consumers who received unsolicited calls from MediaStratX including:

---

[14] *Id.*
[15] https://www.glassdoor.sg/Reviews/MediaStratx-Reviews-E2259748.htm
[16] https://www.indeed.com/cmp/Mediastratx/reviews?start=20
[17] *Id.*

CLASS ACTION COMPLAINT
-8-

- "I received a call from a local phone number and when I answered they claimed they were from ****** offering me extended warranty as mine was about to expire…"[18]
- "I was contacted on October 8, 2019 to renew a warranty that I had with ASC and was pressured into doing so…"[19]
- "This company has been harassing me for months!!! They do not deserve even 1 star review but I had to give that in order to leave a review."[20]
- "I rec'd a call on my mobile. I returned the call from my office. They answered then hung up."[21]
- "This number has called several times over the last month. I have asked them to stop calling and they still continue…"[22]
- "Calling constantly about warranty. Unwanted calls that go unanswered!"[23]
- "Vehicle Service Department. Auto Warranty Scam."[24]
- "They call me bout 3 times a month a bout warranty on my car and I tell them I do not have a car they keep calling me."[25]
- "… They refused to give an address, email, web sight exc…"[26]
- "Called about extended warranty on my Buick which I don't own…"[27]

30. In the case of Plaintiff Fischman, MediaStratX placed unsolicited, autodialed calls to his cellular phone, despite Plaintiff having his cellular phone number registered with the DNC to prevent such calls and despite numerous attempts to get the calls to stop.

31. In response to these calls, Plaintiff is filing this lawsuit seeking injunctive relief, requiring Defendant to cease from placing unsolicited calls to telephone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes and costs.

---

[18] https://www.bbb.org/us/ca/cypress/profile/auto-service-contract-companies/automotive-services-center-1126-1000056206/complaints
[19] *Id.*
[20] https://www.bbb.org/us/ca/cypress/profile/auto-service-contract-companies/automotive-services-center-1126-1000056206/customer-reviews
[21] https://800notes.com/Phone.aspx/1-888-780-8013
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] https://800notes.com/Phone.aspx/1-888-780-8013/2
[27] *Id.*

CLASS ACTION COMPLAINT
-9-

# PLAINTIFF FISCHMAN'S ALLEGATIONS

**MediaStratX Agents Repeatedly Called Plaintiff's DNC-Registered Cell Phone Number Using an Autodialer Without Plaintiff's Consent, Despite Being Asked to Stop**

32. On December 19, 2004 Plaintiff Fischman registered his cell phone number on the DNC in order to avoid receiving unwanted, unsolicited telemarketing calls.

33. Plaintiff Fischman uses his cell phone number for personal use only. It is not associated with a business.

34. Beginning in late 2018, Fischman began receiving unsolicited calls to his cellular phone regarding purchasing an extended warranty for his vehicle.

35. Fischman made it clear to the agents that he was not interested and to stop calling but the calls continued.

36. Frustrated by the calls he was receiving, Fischman tried calling back the phone numbers Defendant was calling from. The majority of the phone numbers were not in service.

37. On approximately January 10, 2019, Fischman received yet another unsolicited call from Defendant to his cellular phone, this time using phone number 210-664-2874. The call began with a very noticeable pause before a live agent came on the line. Fischman told the agent to stop calling him and ended the call.

38. Plaintiff Fischman then called 210-664-2874 and determined that it was a functional number leading back to the initial caller.

39. When 210-664-2874 is called, a live agent identifies the company as being Vehicle Service Department.

40. Upon an investigation, 210-664-2874 is associated with AutomotiveServicesCenter.com, a Rameson owned website who is also the principal of Defendant MediaStratX.

41. As mentioned previously, Automotive Services Center, also known as ASC, is Defendant MediaStratX. Automotive Services Center is not a registered corporation.

42. Despite yet another request for the calls to stop, Fischman received additional calls from, or on behalf of Defendant promoting auto warranty calls. For example, Plaintiff received the following call:

- January 14, 2019 – 2 calls from 866-459-3165
- January 14, 2019 – 1 call from 210-664-2874
- January 16, 2019 – 1 call from 252-446-8888

43. By January 30, 2019, Fischman received additional calls from 5 additional phone numbers, all believed to be from, or on behalf of Defendant.

44. Defendant or its agents called from 877-473-8223 regarding an extended vehicle warranty twice, but both times when Fischman called back this phone number, it was not in service.

45. In total, Fischman has received well over 25 unsolicited calls from Defendant, despite repeated requests for the calls to stop.

46. Fischman does not have a relationship with MediaStratX or any of its affiliated companies, nor has he ever requested that MediaStratX call him or consent to any contact from Defendant.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for TCPA Claims Arising From Calls Made by MediaStratX Agents**

47. Plaintiff Fischman brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seek certification of the following Classes:

CLASS ACTION COMPLAINT
-11-

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call either Plaintiff, or (b) Defendant did not obtain prior express written consent.

**Do Not Call Stop Class**: All persons in the United States who from four years prior to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) called more than one time, (2) within any 12-month period, (3) at least thirty days after the person had previously informed Defendant to stop calling.

**Internal Do Not Call Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called and/or text messaged more than one time in a twelve-month period, (2) after being asked not to call and/or text.

48. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

49. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

50. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any

CLASS ACTION COMPLAINT
-12-

questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) Whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered on the DNC;

    (b) whether Defendant continued to place calls to the Plaintiffs and members of the Classes despite being asked to stop;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

51. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Fischman has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to the Classes.

52. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff.

53. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the

members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Fischman and the Do Not Call Registry Class)**

54. Plaintiff Fischman repeats and realleges the paragraphs 1 through 53 of this Complaint and incorporates them by reference herein.

55. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[28]

57. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

58. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this

---

[28] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

CLASS ACTION COMPLAINT
-14-

subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

59. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Fischman and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

60. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Fischman and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff Fischman and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

61. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Fischman and the Do Not Call Registry Stop Class)**

62. Plaintiff Fischman incorporates by reference paragraphs 1 through 53 of this Complaint and incorporates them herein by reference.

63. Defendant violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to telephone subscribers such as Plaintiff Fischman and the Do Not Call Registry Stop

CLASS ACTION COMPLAINT
-15-

Class who specifically informed Defendant to stop calling them, and who received two or more additional calls within a 12-month period on behalf of Defendant at least thirty (30) days after informing Defendant's agents to stop calling them.

64. Defendant made these calls without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

65. As a result of Defendant's unlawful conduct, Plaintiff Fischman and the Do Not Call Registry Stop Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the Do Not Call Registry Stop Class is each entitled to between $500 and $1,500 per violation.

**THIRD CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Fischman and the Internal Do Not Call Class)**

66. Plaintiff Fischman incorporates by reference all above paragraphs as though fully repeated herein.

67. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

68. Defendant placed solicitation calls and/or text messages to Plaintiff Fischman and members of the Internal DNC Class without implementing internal procedures for maintaining a list of persons who request not to be called/texted by the entity and/or by implementing

procedures that do not meet the minimum requirements to allow Defendants to initiate telemarketing calls. 47 C.F.R. 64.1200(d)(1)-(6).

69. The TCPA provides that any "person who has received more than one telephone call/text within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

70. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff Fischman and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Fischman individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff Fischman as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff Fischman and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

f) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

g) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Fischman requests a jury trial.

Respectfully Submitted,

**JONATHAN FISCHMAN**, individually and on behalf of those similarly situated individuals

Dated: November 25, 2020

By: */s/ Ted Johnson*
Ted Lewis Johnson
North Carolina State Bar # 39791
PO Box 5272
Greensboro, NC 27435
Telephone: (336) 252-8596
Email: tedlewisjohnson@tedlewisjohnson.com

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice Forthcoming*

*Attorney for Plaintiff and the Class*

CLASS ACTION COMPLAINT
-19-