UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 2:20-cv-00083-D

**JONATHAN FISCHMAN**, individually, and on behalf of all others similarly situated,

    Plaintiff,

 v.

**MEDIASTRATX LLC**,

    Defendant.

**DEFENDANT MEDIASTRATX LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | BACKGROUND | 3 |
| III. | LEGAL STANDARDS | 4 |
| | A. Subject Matter Jurisdiction. | 4 |
| | B. Failure to State a Claim. | 5 |
| IV. | ARGUMENT | 5 |
| | A. The Court Lacks Subject Matter Jurisdiction Because Plaintiff Does Not Have Article III Standing. | 5 |
| | B. Plaintiff's Second and Third Claims Fail on the Pleadings. | 6 |
| |    i. There is no private right of action for violations of 47 C.F.R. § 64.1200(d). | 6 |
| |    ii. Plaintiff does not adequately allege MediaStratX violated 47 C.F.R. § 64.1200(d). | 8 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aaronson v. CHW Group, Inc.*,
   2019 WL 8953349 (E.D. Va. Apr. 15, 2019) ......................................................................... 9

*Adams v. Bain*,
   697 F.2d 1213 (4th Cir. 1982) .............................................................................................. 2

*American Gen. Life Ins. Co., v. Ruiz*,
   480 F. Supp. 3d 702 (E.D.N.C. 2020) ............................................................................. 4, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 8

*Bailey v. Domino's Pizza, LLC*,
   867 F. Supp. 2d 835 (E.D. La. 2012) .................................................................................. 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 8

*Braver v. NorthStar Alarm Servs., LLC*,
   2019 WL 3208651 (W.D. Okla. July 16, 2019) ................................................................... 7

*Burdge v. Ass'n Health Care Mgmt., Inc.*,
   2011 WL 379159 (S.D. Ohio Feb. 2, 2011) ........................................................................ 7

*Corona v. Azul Vista, LLC*,
   2017 WL 1198993 (S.D. Cal. Mar. 31, 2017) ..................................................................... 5

*Davis v. Safe Streets USA LLC*,
   2020 WL 8514280 (E.D.N.C. Sept. 18, 2020) ............................................................ 3, 4, 5

*Goldsmith v. Mayor & City Council of Baltimore*,
   845 F.2d 61 (4th Cir. 1988) .................................................................................................. 3

*Hartford v. Casualty Ins. Co. v. Davis & Gelshenen, LLP*,
   801 Fed. App'x 915 (4th Cir. 2020) ..................................................................................... 4

*Krakauer v. Dish Network, L.L.C.*,
   925 F.3d 643 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 676 (2019) .................................. 4, 5

*Loney v. State Collection Servs., Inc.*,
   2014 WL 1233244 (E.D.N.C. Mar. 25, 2014) ..................................................................... 8

*Lovern v. Edwards*,
   190 F.3d 648 (4th Cir. 1999) ................................................................................................ 3

*Nat'l Fed. of Blind v. F.T.C.*,
 3030 F. Supp. 2d 707 (D. Md. 2004) ......................................................................................... 7

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
 591 F.3d 250 (4th Cir. 2009) ..................................................................................................... 8

*Simmons v. Charter Commc'ns, Inc.*,
 222 F. Supp. 3d 121 (D. Conn. 2016) ....................................................................................... 9

*Smith v. Vision Solar LLC*,
 2020 WL 5632653 (E.D. Pa. Sept. 21, 2020) ........................................................................... 9

*Spokeo, Inc. v. Robins*,
 136 S. Ct. 1540 (2016) .............................................................................................................. 5

*Sterling v. Securus Techs., Inc.*,
 2020 WL 2198095 (D. Conn. May 6, 2020) ............................................................................. 9

*Thomson v. Gaskill*,
 315 U.S. 442 (1942) .................................................................................................................. 3

*Wilson v. PL Phase One Operations L.P.*,
 422 F. Supp. 3d 971 (D. Md. 2019) .......................................................................................... 6

*Worsham v. Discount Power, Inc.*,
 2021 WL 50922 (D. Md. Jan. 6, 2021) ..................................................................................... 7

*Worsham v. Travel Options, Inc.*,
 2016 WL 4592373 (D. Md. Sept. 2, 2016) *aff'd* 678 Fed. App'x 165 (4th Cir. 2017) ...................... 6, 7

**Statutes**

47 U.S.C. § 227(c) ................................................................................................................. 2, 6, 9

47 U.S.C. § 227(c)(5) ............................................................................................................ *passim*

47 U.S.C. § 227(d) .................................................................................................................... 6, 7

47 U.S.C. § 227(g)(1) ................................................................................................................... 7

47 U.S.C. § 227(g)(3) ................................................................................................................... 7

**Other Authorities**

47 C.F.R. § 64.1200(d) .......................................................................................................... *passim*

47 C.F.R. § 64.1200(d)(3) ............................................................................................................ 9

Federal Rule of Civil Procedure 12(b)(1) ................................................................................ 2, 3

Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 4, 8

Federal Rule of Civil Procedure 12(c) ................................................................................................ 1, 4, 8

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant MediaStratX LLC ("MediaStratX" or "Defendant") moves for judgment on the pleadings ("Motion") as to the putative Class Action Complaint, DE 1 (the "Complaint"), filed by Plaintiff Jonathan Fischman ("Fischman" or "Plaintiff"). In support of this Motion, Defendant submits the following Memorandum of Law.

## MEMORANDUM OF LAW

### I. INTRODUCTION

Although Plaintiff purports to allege Telephone Consumer Protection Act ("TCPA") claims against MediaStratX, his Complaint says very little about MediaStratX, and what it does say is insufficient to state a claim. Based on vague statements that he received calls (from someone) in late 2018 and January 2019, Plaintiff attempts to bring three claims against MediaStratX under the TCPA, 47 U.S.C. § 227(c)(5), alleging:

(1) he was called more than one time within a 12-month period after his number had been listed on the National Do Not Call Registry ("NDNC") for at least 30 days (Count I, "Do Not Call Registry Claim");

(2) he received two or more calls within a 12-month period at least 30 days after he informed the caller to stop calling him (Count II, the "Stop Calling Within 30 Days Claim"); and

(3) he received two or more calls within a 12-month period from a caller who did not comply with regulations requiring procedures for maintaining an internal list of do-not-call requests (Count III, the "Regulatory Compliance Claim").

As the statute makes clear and as Plaintiff's conclusory allegations recognize, to have standing to bring any of these claims, Plaintiff must carry the burden of alleging and proving that he received *more than one call **from MediaStratX*** within twelve months. Putting aside Plaintiff's vague allegations about unidentified callers, however, at most he alleges that MediaStratX called him on January 10 and January 14. But Plaintiff cannot rely on the alleged January 14 call as the requisite "more than one," as MediaStratX did not make that call. *See* Declaration of Erik Rameson, at ¶ 8 ("Rameson Dec.") (attached as Exhibit A).[1]

---

[1] Because MediaStratX is lodging a factual attack to subject matter jurisdiction, the Court may consider evidence without converting this Motion for Judgment on the Pleadings to a summary judgment motion.

2

Since that leaves Plaintiff with, at most, a single call, he cannot establish standing, and his Complaint should be dismissed for lack of subject matter jurisdiction.

Even if Plaintiff could prove MediaStratX made more than one call, his Stop Calling Within 30 Days and Regulatory Compliance claims fail because they depend on purported violations of 47 C.F.R. § 64.1200(d), which does not provide a private right of action. These claims also fail because, even if Plaintiff were authorized to bring suit to enforce the regulations, Plaintiff merely parrots regulatory language rather than plausibly alleging facts demonstrating that MediaStratX failed to comply with any particular regulatory standard. In short, because Plaintiff lacks standing for all of his claims and has failed to adequately plead his second and third claims, his Complaint should be dismissed in its entirety.

## II.  BACKGROUND

In this putative class action, Plaintiff vaguely alleges that he received unsolicited calls from Defendant despite being registered on the National DNC list and asking for the calls to stop. Plaintiff purports to bring three claims under 47 U.S.C. § 227(c)(5),[2] claiming that MediaStratX violated the TCPA by calling him despite his registration on the National DNC list, failing to honor his alleged requests to be added to MediaStratX's internal DNC list, and not meeting the minimum procedural standards set out in 47 C.F.R. § 64.1200(d).

But Plaintiff does not contend that any of the alleged callers identified themselves as MediaStratX or as calling on MediaStratX's behalf, nor does he otherwise allege facts supporting his speculation that MediaStratX made any of the other alleged calls. Instead, he asserts only that his "investigation" of one of the phone numbers he claims to have received calls from, 210-664-2874 (the "2874 Number"), allegedly revealed it is associated with "AutomotiveServicesCenter.com, a Rameson owned website who is also the principal of Defendant MediaStratX." Compl., at ¶ 40. Plaintiff does not allege, nor do MediaStratX's

---

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). MediaStratX only relies on the factual allegations herein for its subject matter arguments under Rule 12(b)(1).

[2] Claim two only references § 227(c), but subsection (5) is the only subsection containing a private cause of action.

3

records indicate, that MediaStratX is associated with any of the other phone numbers identified by Plaintiff (866-459-3165, 252-446-8888, and 877-473-8223). Rameson Dec. at ¶ 9. Plaintiff appears to have wrongly attributed any and all calls he received regarding automotive warranties to MediaStratX with no factual support.

Significantly, Plaintiff alleges that he received only two calls from the 2874 Number, one on January 10 and a second call on January 14. *See* Compl. at ¶¶ 37, 42. MediaStratX's records do not show a second call on January 14, however. Rameson Dec. at ¶ 8. Instead, they show that Plaintiff placed an *inbound* call to MediaStratX on January 10, 2019 and requested not to be called again. *Id.* at ¶ 7. MediaStratX complied with this request and did not make another call to Plaintiff on January 14 or on any other subsequent day. *Id.* at ¶¶ 7-9. Consistent with this compliance, Plaintiff does not allege that he received any call from MediaStratX (or anyone else) more than 30 days after January 10, since January 30 is the latest date he claims to have received calls. Compl., at ¶ 37, 42-43.

### III. LEGAL STANDARDS

#### A. Subject Matter Jurisdiction.

"A motion to dismiss under Rule 12(b)(1) for lack of standing tests subject-matter jurisdiction, which is the court's 'statutory or constitutional power to adjudicate the case.'" *Davis v. Safe Streets USA LLC*, No. 5:19-CV-455-D, 2020 WL 8514280, at *2 (E.D.N.C. Sept. 18, 2020) (Dever, J.). In considering such a motion, the court "may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Id.* (internal quotations omitted).

"[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). "It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Id.* (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63–64 (4th Cir. 1988)).

As pertinent here, the doctrine of standing requires Plaintiff to show that he "suffered an injury in fact—an invasion of a legally protected interest." *Davis*, 2020 WL 8514280, at *2 (internal quotations

4

omitted). This requirement "preserve[s] the traditional core of standing, which is a personal stake in the case." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 653 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 676 (2019). "Private litigation, even if authorized by statute to serve a range of public ends, must vindicate the plaintiffs' interests, rather than serve solely [as] a vehicle for ensuring legal compliance." *Id.* According to the Fourth Circuit, this means: "To bring suit [under § 227(c)(5) of the TCPA], the plaintiff[] must have received unwanted calls on multiple occasions. These calls must have been to a residential number listed on the Do-Not-Call registry. This is not a statute authorizing citizen-suits for any legal violation to which a plaintiff might take issue." *Id.*

### B. Failure to State a Claim.

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *American Gen. Life Ins. Co., v. Ruiz,* 480 F. Supp. 3d 702, 710 (E.D.N.C. 2020) (internal quotations omitted). "A motion for judgment on the pleadings is properly granted if it appears certain that the [nonmoving party] cannot prove any set of facts in support of its claim entitling it to relief." *Hartford v. Casualty Ins. Co. v. Davis & Gelshenen, LLP*, 801 Fed. App'x 915, 916 (4th Cir. 2020) (internal quotations omitted, alteration in the original).

## IV. ARGUMENT

### A. The Court Lacks Subject Matter Jurisdiction Because Plaintiff Does Not Have Article III Standing.

Plaintiff purports to bring all of his claims under 47 U.S.C. § 227(c)(5), which only provides a private right of action for "[a] person who has received *more than one* telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." (emphasis added). This subsection stands in stark contrast to § 227(b)(3), which allows a private right of action for violations of the TCPA's autodialer provisions that is not conditioned on receiving a certain number of phone calls. Thus, § 227(c)(5) reflects Congress's judgment that an individual lacks standing to

5

sue unless he has received more than one phone call. *See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016) ("[B]ecause Congress is well positioned to identify intangible harms that meet minimum Article III requirements, its judgment is also instructive and important.").

Consequently, to meet the "injury in fact" requirement of standing for a § 227(c)(5) claim, Plaintiff must prove, among other things, that he received *more than one call from **MediaStratX**. See Krakauer*, 925 F.3d at 653 (recognizing multiple calls as statutory threshold for injury in fact); *Davis*, 2020 WL 8514280, at *3 (noting that standing requires "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not ... the result of the independent action of some third party not before the court") (internal quotations omitted). Plaintiff cannot carry the burden of establishing standing, however, because he cannot demonstrate receipt of more than one of the alleged calls from MediaStratX. *See* Rameson Dec., at ¶¶ 5-9. Therefore, the Complaint should be dismissed for lack of subject matter jurisdiction. *See Corona v. Azul Vista, LLC*, Case No. 16cv1594, 2017 WL 1198993, at *3 (S.D. Cal. Mar. 31, 2017) (dismissing § 227(c)(5) claim for lack of standing, where plaintiff failed to plausibly allege receipt of more than one call); *see also Krakauer*, 925 F.3d at 653 ("To bring suit [under § 227(c)(5) of the TCPA], the plaintiff[] must have received unwanted calls on multiple occasions.").

### B. Plaintiff's Second and Third Claims Fail on the Pleadings.

Even if Plaintiff had standing under § 227(c)(5) (he does not), his second and third causes of action still fail, as they are premised on alleged violations of 47 C.F.R. § 64.1200(d), which does not empower Plaintiff with a private right of action to enforce compliance with the regulations. Further, Plaintiff does not allege any facts plausibly suggesting MediaStratX failed to honor his do not call request in a reasonable period of time or lacked the minimum internal procedures required by the regulation.

#### *i. There is no private right of action for violations of 47 C.F.R. § 64.1200(d).*

Plaintiff's Stop Calling Within 30 Days (Count II) and Regulatory Compliance (Count III) Claims under 47.C.F.R. § 64.1200(d) fail because there is no private right of action for MediaStratX's alleged regulatory violations. In both of these claims, Plaintiff alleges MediaStratX is liable not for calls received

6

by Plaintiff but solely for its alleged failure to meet regulatory standards prescribing procedures for maintaining a do-not-call list (*e.g.*, written policy, training of personnel, and record-keeping that promote honoring do-not-call requests within 30 days). Compl., ¶¶ 64, 67. Since the regulations themselves do not authorize private citizen suits, Plaintiff attempts to bring his compliance-oriented claims pursuant to 47 U.S.C. § 227(c)(5), but it creates a private right of action only for "violation of the regulations prescribed under ***this subsection***"—*i.e.*, regulations promulgated under subsection (c) of § 227. (emphasis added).

Section 64.1200(d) was not promulgated under 47 U.S.C. § 227(c), however. Instead, it derives from 47 U.S.C. § 227(d), which does not authorize a private right of action, but "makes it unlawful, *inter alia*, for anyone to make a telephone call using an automatic telephone dialing system that does not comply with the technical and procedural standards prescribed by the FCC." *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *3 (D. Md. Sept. 2, 2016) *aff'd* 678 Fed. App'x 165 (4th Cir. 2017). In other words, because the requirements of § 64.1200(d) are more closely aligned with the technical procedural standards of § 227(d), rather than the establishment and operation of a national DNC registry envisioned by subsection § 227(c), § 64.1200(d) is properly understood as being promulgated under subsection (d).

Based on this reasoning, courts within and outside the Fourth Circuit have concluded there is no private right of action for purported violations of § 64.1200(d). *See Travel Options,* 2016 WL 4592373, at *4 ("[T]he requirements of § 64.1200(d) set forth the procedural standards for telemarketers to maintain their own, company-specific, do-not-call lists and, consequently, appear to fall under the aegis of subsection *d* of the TCPA.") (emphasis in original); *Wilson v. PL Phase One Ops. L.P.,* 422 F. Supp. 3d 971, 982 (D. Md. 2019) ("The TCPA provides a private right of action under subsections *b* and *c*. 47 C.F.R § 64.1200(d) appears to fall within subsection *d*'s scope, which does not provide a private right of action.") (emphasis in original); *Worsham v. Discount Power, Inc.*, Civ. Action No. RDB-20-0008, 2021 WL 50922, at *4 (D. Md. Jan. 6, 2021) (citing *Travel Options* and finding claims for violations of §64.1200(d)(4) failed to state a claim); *see also Braver v. NorthStar Alarm Servs., LLC*, No. CIV-17-0383, 2019 WL 3208651, at *15 (W.D. Okla. July 16, 2019) (finding that § 64.1200(d) was promulgated under § 227(d) and concluding

there is no private right of action for its violation); *Burdge v. Ass'n Health Care Mgmt., Inc.*, No. 1:10-CV-00100, 2011 WL 379159, at *4 (S.D. Ohio Feb. 2, 2011) ("The Court finds that the regulations regarding identification and the provision of a telephone number or address found in 64.1200(d)(4) are technical and procedural in nature and were promulgated pursuant to section 227(d) of the TCPA.").

This does not mean that companies can violate § 64.1200(d) without consequence. Instead, Congress has decided states and the FCC, rather than private parties, are the appropriate entities to enforce the regulation. *See* 47 U.S.C. § 227(g)(1) ("Whenever the attorney general of a State, or an official or agency designated by a State, has reason to believe that any person has engaged or is engaging in a pattern or practice of telephone calls or other transmissions to residents of that State in violation of this section or the regulations prescribed under this section [i.e., § 227], the State may bring a civil action on behalf of its residents . . . ."); 47 U.S.C. § 227(g)(3) (authorizing the FCC to intervene in such actions); *see also Nat'l Fed. of Blind v. F.T.C.*, 3030 F. Supp. 2d 707, 718 (D. Md. 2004) (observing that "the TCPA rules contain provisions restricting telemarketing that are almost identical to the ones set forth in the TSR," including § 64.1200(d), so that commercial entities outside of the FTC's jurisdiction would be similarly regulated to entities within the FTC's jurisdiction).

Because there is no private right of action for alleged violations of § 64.1200(d), Counts II and III of Plaintiff's Complaint should also be dismissed for failure to state a claim. *See Discount Power,* 2021 WL 50922 at *4 (dismissing claims for purported violations of 47 C.F.R. § 64.1200(d) for failing to state a claim).

        ***ii.    Plaintiff does not adequately allege MediaStratX violated 47 C.F.R. § 64.1200(d).***

Even if this Court finds there is a private right of action for § 64.1200(d) violations, Plaintiff has failed to plausibly allege that MediaStratX committed such a violation. Plaintiff completely fails to identify any particular "minimum requirement" that MediaStratX allegedly did not meet, let alone facts showing why he believes MediaStratX violated any particular provision of the regulation. For example, § 1200(d)(1) requires telemarketers to "have a written policy, available upon demand, for maintaining a do-not-call list."

8

But Plaintiff does not allege that MediaStratX lacked a written policy *or that he even requested a copy*. Instead, Plaintiff merely parrots the regulatory language and conclusorily asserts MediaStratX did not implement procedures that met the "minimum requirements" of the regulation. Compl., at ¶¶ 63-64, 67-68. These vague, conclusory allegations are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (requiring complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) ("[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."); *Loney v. State Collection Servs., Inc.,* No. 7:13-cv-00247, 2014 WL 1233244, at *1 (E.D.N.C. Mar. 25, 2014) ("[C]onclusory assertions of law or fact are not entitled to the assumption of truth."); *see also American Gen. Life Ins.*, 480 F. Supp. 3d at 710 ("A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6).") (internal quotations omitted). Holding otherwise would allow anyone who receives a perfectly legal call to bring suit based only on speculation that the calling entity may not have the various procedures mentioned in 47 C.F.R. § 64.1200(d), even where those procedures are not implicated by the call at issue, and even where the consumer has not even asked the Company whether they have such procedures.

Additionally, the facts pled by Plaintiff actually suggest MediaStratX fully complied with the regulations. According to Plaintiff, the regulations are designed to promote procedures that will stop calls within a reasonable time of a do-not-call request, *i.e.*, within 30 days after the caller is asked to stop. Compl., at ¶¶ 63, 67 (quoting 47 C.F.R. § 64.1200(d)(3)). Fairly read, Plaintiff's Complaint concedes that MediaStratX's procedures resulted in his request being honored within a reasonable time, as the only alleged calls he attempts to tie to MediaStratX (with his "investigation" of the 2874 Number) were on January 10 and January 14, far less than thirty days apart. *See* Compl., ¶¶ 37-42; *see also Aaronson v. CHW Group, Inc.*, No. 1:18-cv-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (holding plaintiff did not plausibly allege defendant called him where "[t]he Complaint is devoid of facts such as how the caller

9

identified itself, the substance of the calls, or any other details from the telephone calls that would tend to identify defendant as the party that actually, physically took the steps to place the calls to plaintiff's phone"); *Smith v. Vision Solar LLC*, No. 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (dismissing do-not-call claims where plaintiff alleged only that "[d]efendant contacted or attempted to contact [plaintiff] from multiple telephone numbers confirmed to belong to [d]efendant.") (emphasis in original). Additionally, Plaintiff alleges he told MediaStratX to stop calling on January 10 and does not claim to have received any more calls (from anyone) after January 30, further confirming his request was honored within a reasonable time. *See* Compl., ¶¶ 37, 42-43 (omitting any allegation of calls in February 2019 or later).

Particularly because Plaintiff does not just fail to allege facts suggesting that MediaStratX lacked the required procedures, but also pleads facts suggesting MediaStratX ***did have and utilize*** such procedures, Counts II and III of his Complaint should be dismissed. *See Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 842 (E.D. La. 2012) (dismissing claim for violations of § 64.1200(d) where "the Complaint simply recites the requirements of 47 C.F.R. § 64.1200(d) and conclusorily alleges they were violated"); *Sterling v. Securus Techs., Inc.*, No. 3:18-cv-1310, 2020 WL 2198095, at *5 (D. Conn. May 6, 2020) (allegations that "Defendant did not have place in place procedures for the maintenance of an internal do-not-call list for telemarketing purpose[s] in violation of 47 U.S.C. § 227(c)" were insufficient to survive motion to dismiss); *cf. Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 140, n.14 (D. Conn. 2016) ("Even if a single violation of a company's otherwise valid DNC policy could potentially give rise to liability under subsection (d)(3), I hold as a matter of law that it does not under circumstances presented here, where it is clear that the plaintiff's DNC request was honored within a reasonable period of time—half the period deemed by the regulation to be the outer limits of reasonableness.")

## V. CONCLUSION

Because Plaintiff lacks standing to bring any of his claims under 47 U.S.C. § 227(c)(5), his Complaint should be dismissed in full. Alternatively, and at a minimum, Counts II and III should be dismissed for failure to state a claim, as Plaintiff has no private right of action and has failed to plausibly allege facts that would entitle him to relief.

Dated: March 17, 2021                                    Respectfully submitted,

                                                         KABAT CHAPMAN & OZMER LLP

                                                        By: /s/ *C. Celeste Creswell*
                                                        C. Celeste Creswell (*pro hac vice*)
                                                        ccreswell@kcozlaw.com
                                                        Rachel M. Bishop
                                                        *pro hac vice* forthcoming
                                                        rbishop@kcozlaw.com
                                                        171 17th Street NW, Suite 1550
                                                        Atlanta, Georgia 30363
                                                        (404) 400-7300
                                                        (404) 400-7333 (fax)

                                                        *Counsel for Defendant MediaStratX, LLC*

                                                        CRANFILL SUMNER & HARTZOG LLP

                                                        ELIZABETH C. KING
                                                        N.C. State Bar No. 30376
                                                        101 N. 3rd Street, Suite 400
                                                        Wilmington, NC 28401
                                                        Telephone: (910) 777-6000
                                                        Facsimile: (910) 777-6111
                                                        E-mail: eking@cshlaw.com

                                                        *Local Civil Rule 83.1 Counsel for Defendant MediaStratX LLC*

**CERTIFICATE OF SERVICE**

This certifies that I have this day electronically filed the foregoing document in the United States District Court for the Eastern District of North Carolina, using the CM/ECF system, which will send a copy to all counsel as follows:

Ted Lewis Johnson
PO Box 5272
Greensboro, NC 27435
tedlewisjohnson@tedlewisjohnson.com


Patrick H. Peluso
3900 East Mexico Avenue, Suite 300
Denver, CO 80210
ppeluso@woodrowpeluso.com


Dated: March 17, 2021.

By: /s/ *C. Celeste Creswell*
C. Celeste Creswell (*pro hac vice*)
ccreswell@kcozlaw.com

*Counsel for Defendant MediaStratX LLC*